UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALPHONSO CLARK,

    Plaintiff,

v.                                              21-CV-700-JLS

BUFFALO CITY SCHOOL DISTRICT,

    Defendant.
_____

## DECISION AND ORDER

Before the Court is Defendant Buffalo City School District's (the "District") motion to dismiss Plaintiff Alphonso Clark's complaint. Dkt. 5. Clark filed a memorandum in opposition, Dkt. 9, and the District filed a reply. Dkt. 10. For the following reasons, the District's motion is GRANTED.

## BACKGROUND

Clark asserts that, around September 2020, the District began calling and leaving automated voicemails on his cellphone. Even though Clark does not have any children, these calls were related to matters involving various Buffalo public schools. When the calls first started, he called around the District and requested that they stop. But he continued to receive calls.

Clark commenced this case on June 2, 2021, alleging one cause of action for violation of the Telephone Consumers Protection Act ("TCPA"). He asserts that, by "initiating telephone calls to [his] telephone using an automatic telephone dialing system and/or us[ing] an artificial and/or prerecorded voice to deliver messages

without having [his] consent . . . to make such calls and leave such messages," the District violated 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA. Dkt. 3, ¶ 28.

The District moved to dismiss, arguing the alleged messages were neither "advertisements" nor "telemarketing" within the meaning of the TCPA, and relied on this Court's decision in *Gerrard v. Acara Solutions Inc.*, 469 F. Supp. 3d 96 (W.D.N.Y. 2020), to argue that the relevant provisions of the TCPA impose liability only when the calls complained of "includes or introduces an advertisement or constitutes telemarketing." Dkt. 5-2, p. 7. The District further asserts that it is not a "person" within the meaning of the TCPA, which shields it from any liability under the TCPA provisions.

Clark does not contest the calls he received were not advertisements or telemarketing. Instead, he argues that calls to cellphones do not need to be telemarketing or advertisements to impose liability under the TCPA and that the Court's analysis in *Gerrard* confuses the provisions of the TCPA applicable to calls made to cellphones with the provisions applicable to landlines and/or faxes. He further argues that the District is a "person" as defined by 47 U.S.C. § 153(39).

## DISCUSSION

The Court agrees that the District is not a person within the meaning of the TCPA. As such, the Court need reach the District's argument that calls to cellphones must contain "advertisements" or "telemarketing" to impose liability under Section 227(b)(1)(A)(iii).

The applicable definition of "person" is found in Section 153(39): "[t]he term 'person' includes an individual, partnership, association, joint-stock company, trust, or corporation." The District relies on *Lambert v. Seminole Cty. Sch. Bd.*, No. 6:15-CV-78-ORL-18DAB, 2016 WL 9453806, (M.D. Fla. Jan. 21, 2016), to argue that, as a school district, it is not considered a person for purposes of the TCPA. The *Lambert* court refused to extend the meaning of person to a school board and held "[c]onspicuously absent from this definition of 'person' is any mention of governmental entities, let alone a phrase that may reasonably be construed as encapsulating a sovereign." *Lambert*, 2016 WL 9453806, at *3.

Clark maintains such absence is inconsequential, arguing that because the definition of person prefaces its list with the word "includes," it is not exclusive of entities like the District.

While the Court agrees the term "includes" is generally a term of enlargement and not limitation, it is not an "all-embracing definition, but connotes simply an illustrative application of the general principle." *In the Matter of: Sterling United, Inc.*, 674 F. App'x 19, 22 (2d Cir. 2016) (quoting *Federal Land Bank of St. Paul v. Bismarck Lumber Co.*, 314 U.S. 95, 100 (1941)). In defining the general principle, the "commonsense canon of *noscitur a sociis*[] counsels that a word is given more precise content by the neighboring words with which it is associated." *Freeman v. Quicken Loans, Inc.*, 566 U.S. 624, 634–35 (2012); *see also Wojchowski v. Daines*, 498 F.3d 99, 108 n.8 (2d Cir. 2007) ("The traditional canon of

3

construction, *noscitur a sociis*, dictates that words grouped in a list should be given related meaning.").

As applied to Section 153(39), "person" is defined by reference solely to private, non-governmental entities. These words follow "includes," which indicates that they are illustrative of the word "person." Thus, while the list is not exhaustive, it indicates that the meaning of "person" here is limited to private, non-governmental entities. As noted by *Lambert*, "[c]onspicuously absent from this definition . . . is any mention of governmental entities, let alone a phrase that may reasonably be construed as encapsulating a sovereign." 2016 WL 9453806, at *3. Thus, the Court concludes that "person," within the meaning of the TCPA, is limited to private entities to the exclusion of governmental entities. *Compare id.* (holding a school board is not a "person"), *and Miranda v. Michigan,* 168 F. Supp. 2d 685, 692 (E.D. Mich. 2001) (concluding a state is not a "person"), *with Greenley v. Laborers' Int'l Union of N. Am.*, 271 F. Supp. 3d 1128, 1141 (D. Minn. 2017) (concluding a labor organization—a private, non-governmental entity—is a "person" despite not being listed in the definition). As a result, Clark's TCPA claim against the District fails.

## CONCLUSION

For these reasons, the District's motion to dismiss (Dkt. 5) is GRANTED. Clark's claim is DISMISSED with prejudice. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:   October 28, 2021
          Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE